Case 4:13-cv-00837-A Document 26 Filed 02/18/15 Page 1 of 6 PageID 087

NORTHERN DISTRICT OF TEXAS
FILED

FEB 1 8 2015

CLERK, U.S. DISTRICT COURT
By _____
Deputy

IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | | |
|---|---|---|
| WILLIAM GREGORY DALE, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| VS. | § | NO. 4:13-CV-837-A |
| | § | |
| MICHELLE MILLER, | § | |
| | § | |
| Defendant. | § | |

MEMORANDUM OPINION
and
ORDER

Came on for consideration the motion for judgment on the pleadings pursuant to Rule 12(c) of the Federal Rules of Civil Procedure, filed in the above action by defendant, Michelle Miller ("Miller").[1] Although the court granted plaintiff, William Gregory Dale, until February 10, 2015, to file his response, that deadline has passed, and plaintiff has filed nothing in response to the motion. Having now considered the motion, plaintiff's original complaint, and the applicable legal authorities, the court concludes that the motion should be granted.

---

[1] Child Protective Services ("CPS") was originally named as a defendant along with Miler. On December 12, 2013, the parties filed a joint stipulation of dismissal as to CPS, and the court entered final judgment on December 12, 2013.

I.

## Background and Plaintiff's Claims Against Miller

Plaintiff initiated this action by the filing of his original petition in the District Court of Tarrant County, Texas, 67th Judicial District, asserting claims pursuant to 42 U.S.C. § 1983 against Miller and CPS. Following removal, the court ordered plaintiff to file an amended complaint, consistent with the Federal Rules of Civil Procedure and the local civil rules of this court. In the complaint filed in response to the court's order, plaintiff alleged the following:

In 2011 plaintiff was tried in the District Court of Freestone County, Texas, 87th Judicial District, on charges of aggravated sexual assault and indecency with a child. Concurrent with the criminal investigation, CPS also conducted an investigation into any possible unlawful conduct by plaintiff against his niece, a minor. Miller, then an employee of CPS, conducted the investigation and prepared a report. No misconduct was found and no action was taken against plaintiff.

On or about September 8, 2011, during plaintiff's criminal trial, Miller testified that she had contacted a counselor at the niece's school. However, this testimony was false. Additionally, in her report, Miller stated other falsehoods, such as that plaintiff lived in Mexia, Texas, had two male children,

and had been the subject of previous child sex allegations. None of these allegations were true. These falsehoods were presented through Miller's testimony at plaintiff's criminal trial to refute plaintiff's defensive testimony and discredit other defense witnesses, thus contributing to plaintiff's conviction. Plaintiff was convicted on all charges and sentenced to fifteen years' imprisonment.

Plaintiff alleged that Miller, acting under color of state law, through her false testimony, violated his constitutional right "to be free from a conviction tainted with perjury." Compl. at 5.

## II.

### Grounds of Miller's Motion

Miller argues that the complaint fails to state a plausible claim for relief because, taking plaintiff's allegations as true for purposes of the motion, Miller is protected by the doctrine of absolute immunity afforded to trial witnesses.

## III.

### Analysis

A. **Legal Standards Applicable to Rule 12(c)**

Under Rule 12(c) of the Federal Rules of Civil Procedure, any party may move for judgment on the pleadings after the pleadings are closed and when it would not delay trial. Fed. R.

Civ. P. 12(c). A motion for judgment on the pleadings "is designed to dispose of cases where the material facts are not in dispute and a judgment on the merits can be rendered by looking to the substance of the pleadings and any judicially noticed facts." Hebert Abstract Co. v. Touchstone Properties, Ltd., 914 F.2d 74, 76 (5th Cir. 1990). A motion for judgment on the pleadings is reviewed under the same standard as a motion to dismiss pursuant to Rule 12(b)(6) for failure to state a claim upon which relief may be granted, that is, "whether, in the light most favorable to the plaintiff, the complaint states a valid claim for relief." Doe v. MySpace, Inc., 528 F.3d 413, 418 (5th Cir. 2008) (internal citations omitted).

B.  Applying the Standards to Plaintiff's
    Claims Against Miller

The gravamen of plaintiff's complaint is his contention that Miller testified falsely during plaintiff's criminal trial. Courts have long recognized that witnesses are entitled to immunity for their testimony:

> Because the witness plays such an integral role in the fact-finding process, the reluctant or reticent witness would disserve the ends of justice regardless of the nature of the proceeding. Furthermore, it seems obvious that the prospect of personal liability under a civil rights claim would pose the same risk of intimidation as would the possibility of liability under the common law. It is the threat of money damages that produces the intimidating effect, and that threat is present under either theory of liability.

4

> Consequently, the policies underlying the common law rule of absolute immunity also justify providing a witness with immunity from § 1983 liability.

Charles v. Wade, 665 F.2d 661, 666 (5th Cir. Unit B 1982). Likewise, the Supreme Court has held that witnesses, like judges and prosecutors, are shielded by absolute immunity from liability under 42 U.S.C. § 1983 arising from their participation in judicial proceedings. Briscoe v. LaHue, 460 U.S. 325 (1983). Affording such protection to even the most dishonest witness "is simply a necessary consequence of a rule deemed essential to maintaining the integrity of the judicial process." Charles, 665 F.2d at 667.

The sum of the foregoing authorities is that Miller is immune from civil liability for her alleged false testimony given in plaintiff's criminal trial. Because Miller's allegedly false testimony is the sole basis of plaintiff's claims against her, plaintiff's claims must be dismissed.[2]

---

[2] As noted in Miller's motion, plaintiff contends that Miller's testimony "contribut[ed] to Plaintiff's conviction." Compl. at 4. To the extent plaintiff is attempting to maintain that Miller's testimony caused or contributed to a wrongful conviction, such a contention is is barred by Heck v. Humphrey, 512 U.S. 477 (1994), unless plaintiff can show that "an authorized tribunal or executive body has overturned or otherwise invalidated the plaintiff's conviction." Randell v. Johnson, 227 F.3d 300, 301 (5th Cir. 2000) (per curiam) (quoting Heck, 512 U.S. at 487)). Plaintiff has failed to made such a showing.

IV.

Order

Therefore,

The court ORDERS that Miller's motion for judgment on the pleadings be, and is hereby, granted, and that all claims and causes of action asserted by plaintiff, William Gregory Dale, against Miller be, and are hereby, dismissed with prejudice.

SIGNED February 18, 2015.

_____
JOHN McBRYDE
United States District Judge